**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| CARY BACAK, | |
| Plaintiff, | **Civil Action No:_____** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES**,** Plaintiff CARY BACAK ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

<u>**PRELIMINARY STATEMENT**</u>

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

2.      More than twenty million people – just under 10% of all adult Americans – are victims of identity theft each year. The FCRA requires that each consumer reporting agency protect victims by: blocking fraudulent information from victims' consumer reports after a reasonable request from a consumer; ensuring that only third parties with permissible purposes view victims' consumer reports; and implementing fraud alerts and security freezes at consumers' request. This

lawsuit arises from Consumer Reporting Agencies' refusal to comply with these statutory requirements which has resulted in a failure to protect Plaintiff from identity theft and identity theft consequences.

3.      The computerization of our society has resulted in a revolutionary increase in the accumulation and processing of data concerning individual American consumers. Data technology allows information concerning individual consumers to flow instantaneously to requesting parties. Such timely information is intended to lead to faster and better decision-making by its recipients and, in theory, all of society should ultimately benefit from convenience and efficiency.

4.      However, such information has also become readily available for mishandling and misuse. Individual consumers can and do sustain substantial economic and emotional damage when inaccurate or fraudulent information is disseminated and/or obtained about them. In fact, Transunion acknowledges this potential for misuse and resulting damage every time it sells its credit monitoring services to a consumer.

5.      The ongoing technological advances surrounding data processing have resulted in a boom for the companies that accumulate and sell data concerning individuals' credit histories and other personal information. These companies are commonly known as consumer reporting agencies ("CRAs").

6.      These CRAs sell information to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers and other similar interested parties), commonly called "consumer reports," concerning individuals who may be applying for retail credit, housing, employment, or a car or mortgage loan.

7.      Since 1970 when Congress enacted the FCRA, federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the

personal, private, and financial information that they compile and sell about individual consumers.

8.     One of the primary purposes in requiring CRAs to assure "maximum possible accuracy" of consumer information is to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

9.     Another primary purpose of the FCRA is the preservation of one's good name and reputation.

> [W]ith the trend toward computerization of billings and the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage or buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason. Shakespeare said, the loss of one's good name is beyond price and makes one poor indeed.

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982) [quoting 116 cong. Rec. 36570 (1970)] (emphasis added).

10.    The FCRA also requires CRAs to conduct a reasonable reinvestigation to determine whether information disputed by consumers is inaccurate and record the current status of the dispute information, or delete the disputed information, before the end of the 30-day period beginning on the date on which the CRA receives the notice of dispute from the consumer. This mandate exists to ensure that consumer disputes are handled in a timely manner and that inaccurate information contained within a consumer's credit report is corrected and/or deleted to avoid preventing said consumer from benefiting from his or her credit and obtaining new credit.

11.    In light of these important findings and purposes, Congress specifically noted "a need to

insure that [CRAs] exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." *See* 15 U.S.C. § 1681(a)(4).

12.     The FCRA also requires Furnishers of information, a creditor or other third party that provides information about consumer to a CRA, upon notice, to conduct a reasonable reinvestigation of all disputes with regard to the completeness or accuracy of any information it provides to the CRAs regarding a consumer and modify, delete, or permanently block any items of information found to be inaccurate, incomplete, or unverifiable after said reinvestigation is completed.

13.     Accordingly, Plaintiff brings claims against the CRAs for failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports, in violation of the FCRA, 15 U.S.C. § 1681e(b), for failing to conduct a reasonable reinvestigation to determine whether information Plaintiff disputed was inaccurate and in fact, the product of identity theft, and for failing to delete the disputed information from Plaintiff's credit file, in violation of the FCRA, 15 U.S.C. § 1681i; and for failing to block the identity theft items as disputed and supported by Plaintiff in violation of the FCRA, 15 U.S.C. § 1681c-2.

14.     As part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs, and attorneys' fees from the Defendants for their willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. as described herein.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

16.     Venue in this District is proper under 28 U.S.C. § 1391b(1) because one or more of the

Defendants resides in this District.

17.     Joinder in this District is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

<u>**PARTIES AND SERVICE**</u>

<u>**Plaintiff Cary Bacak**</u>

18.     Plaintiff is a resident of Tarrant County, Texas.

19.     At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

<u>**Defendant Experian Information Solutions, Inc.**</u>

20.     Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

21.     At all times material hereto, Defendant Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

22.     At all times material hereto, Defendant Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

<u>**Defendant Equifax Information Services, LLC**</u>

23.     Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be

served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

24.     At all times material hereto, Defendant Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

25.     At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

26.     On November 15, 2017, a credit card through Fifth Third Bank was opened using Plaintiff's identifying information.

27.     In or before March, 2024, Plaintiff viewed his consumer reports serviced by Defendants and discovered that the fraudulent Fifth Third account with an account number 544400XXXXXXXXXX and a balance of $361 was published to his consumer reports that resulted from identity theft and was not authorized by Plaintiff (the "Account").

28.     On April 23, 2024, Plaintiff filed an Identity Theft Report with the Federal Trade Commission (the "FTC Report") regarding the fraudulent use of Plaintiff's identity.

29.     On April 23, 2023, Plaintiff filed a police report at local police precinct of the identity thief regarding the fraudulent Accounts.

**Defendant Equifax's violation of 1681i(a) and 1681c-2:**

30.     Defendant Equifax reported the Account not authorized by Plaintiff with a $361 balance and "charge-off" status to Plaintiff's Equifax's credit report consumer report.

31.     The credit report falsely indicated that the Account belongs to and is authorized by

Plaintiff, severely affecting Plaintiff's creditworthiness and reputation.

**First Dispute**

32.     In or before March 2024, Plaintiff disputed the Account with Defendant Equifax, detailing the fraudulent nature of the Account.

33.     Defendant Equifax acknowledged receipt of the dispute but did not contact Fifth Third Bank.

34.     Instead, Defendant Equifax relied solely on an automated system that confirmed the existence of the Account without checking the validity of Plaintiff's dispute.

35.     Defendant Equifax did nothing more than parrot information from Fifth Third Bank.

36.     On March 25, 2024, Defendant Equifax sent Plaintiff a cursory response stating that the disputed Account was verified and would remain on Plaintiff's credit report.

37.     Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

38.     The false and erroneous reporting of the Account on Plaintiff's Equifax credit report is objectively likely to mislead intended users of the report.

**Second Dispute**

39.     In or around May of 2024, Plaintiff disputed the Account with Defendant Equifax, detailing the fraudulent nature of the account, his wet signature, and providing supporting documents such as his identifying documents, FTC report, police report, and the contract from Fifth Third bank that includes a fraudulent signature that does not matches the Plaintiff's signature.

40.     Defendant Equifax acknowledged receipt of the dispute but did not contact Fifth Third Bank.

41.     Instead, Defendant Equifax relied solely on an automated system that confirmed the

existence of the Account without checking the validity of Plaintiff's dispute.

42.     Defendant Equifax did nothing more than Parrot information from Fifth Third Bank.

43.     On June 1, 2024, Defendant Equifax sent Plaintiff a cursory response stating that the disputed Account was verified and would remain on Plaintiff's credit report.

44.     Defendant Equifax did not provide a summary of the investigation of any substantiating documentation.

45.     The false and erroneous reporting of the Account on Plaintiff's Equifax credit report is objectively likely to mislead intended users of the report.

46.     Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

47.     To this date, Defendant Equifax continues to publish false and erroneous information relating to the Account on Plaintiff's Equifax credit reports.

48.     Defendant Equifax failed to block the inaccurate information relating to the Account within four business days.

49.     Defendant Equifax failed to promptly delete or correct the inaccurate information relating to the Account.

50.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

51.     Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

52.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i and 15 U.S.C. § 1681c-2.

**Defendant Equifax's violation of 1681e(b):**

48.     Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifa published a consumer report relating to the Plaintiff which contained erroneous information pertaining to the Account.

49.     Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to her consumer report and Account.

50.     Defendant Equifax failed to take adequate steps to verify information before Equifax included it in the Plaintiff's consumer reports and later published the report to users.

51.     The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

52.     Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

53.     Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Experian's violation of 1681i(a) and 1681c-2:**

54.     Defendant Experian reported the Account not authorized by Plaintiff with a $361 balance and "charge-off" status to Plaintiff's Experian credit report.

55.     The credit report falsely indicated that the Account, belongs to and was authorized by Plaintiff, severely affecting Plaintiff's creditworthiness and reputation.

53.     In April 2024, Plaintiff disputed the Account with Defendant Experian, detailing the

fraudulent nature of the Account, his wet signature, and providing supporting documents such as his identifying documents, FTC report, police report, and the contract from Fifth Third bank that includes a fraudulent signature that does not matches the Plaintiff's signature.

56.   Defendant Experian acknowledged receipt of the dispute but did not contact Fifth Third Bank or review the supplied documentation by Plaintiff.

57.   Instead, Defendant Experian relied solely on an automated system that confirmed the existence of the Account without checking the validity of Plaintiff's dispute.

58.   Defendant Experian did nothing more than parrot information from Fifth Third Bank.

59.   On May 27, 2024, Defendant Experian sent Plaintiff a cursory response stating that the Account was verified and would remain on Plaintiff's credit report.

60.   Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

61.   The false and erroneous reporting of the Account on Plaintiff's Experian credit report is objectively likely to mislead intended users of the report.

62.   Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

63.   Defendant Experian failed to block the Account within four business days of the initial dispute.

64.   Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account.

65.   The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

66.   Due to Defendant Experian's negligent or willful failure to conduct a reasonable

reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

72.     Defendant willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i and 15 U.S.C. § 1681c-2.

**Defendant Experian's violation of 1681e(b):**

73.     Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining to the Account.

74.     Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from the Plaintiff relating to his consumer report and Account.

75.     Defendant Experian failed to take adequate steps to verify information before Experian included it in the Plaintiff's consumer reports and later published the report to users.

76.     The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

77.     Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

78.     Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681c-2 as to Defendant Equifax**

89.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90.     This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681c-2(a). Equifax willfully violated the FCRA when it failed to block the fraudulent account Plaintiff listed in his disputes within four business days of receiving the documentation regarding the account from Plaintiff.

91.     Consumers may enforce the blocking requirements under the FCRA's liability provisions. See *Collins v. Experian Credit Reporting Serv.,* 2005 WK 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

92.     As a result of Equifax's violation of 15 U.S.C. § 1681c-2(a), the publication of inaccurate and/or materially misleading information on Plaintiff's consumer report published by Defendant Equifax continues to cause injury to Plaintiff in the form of loss of credit opportunities, loss of time, energy, and money trying to remedy the false or erroneous publication of the account by Defendant Equifax

93.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

94.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681c-2 as to Defendant Equifax**

95.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

96.     This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681c-2(a). Equifax negligently violated the FCRA when it failed to block the fraudulent account Plaintiff listed in his disputes within four business days of receiving the documentation regarding the account from Plaintiff.

97.     Consumers may enforce the blocking requirements under the FCRA's liability provisions. See *Collins v. Experian Credit Reporting Serv.,* 2005 WK 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

98.     As a result of Equifax's violation of 15 U.S.C. § 1681c-2(a), the publication of inaccurate and/or materially misleading information on Plaintiff's consumer report published by Defendant Equifax continues to cause injury to Plaintiff in the form of loss of credit opportunities, loss of time, energy, and money trying to remedy the false or erroneous publication of the account by Defendant Equifax

99.     Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

100.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Equifax**

101.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

102.    Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

103.    Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply

with the FCRA includes but is not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

104. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

105. The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for

actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

106.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

107.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

<u>**FOURTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Equifax**

108.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109.    Equiufax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

110.    Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

111.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

112.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

113.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

114.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681e(b) as to Defendant Equifax

115.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

116.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

117.     Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the

consumer.

118.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money,

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

119.    The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff

to damages under 15 U.S.C. § 1681(o).

120.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an

amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### SIXTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Equifax**

121.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

122.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit report

and credit files that Defendant Equifax maintained concerning Plaintiff.

123.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax

to  comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum

        possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding the

        Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory

        credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which

Equifax had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.  The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

124.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

125.    The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

126.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

**SEVENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681c-2 as to Defendant Experian**

127.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

128.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681c-

2(a). Experian willfully violated the FCRA when it failed to block the fraudulent account Plaintiff listed in her disputes within four business days of receiving the documentation regarding the account from Plaintiff.

129.   Consumers may enforce the blocking requirements under the FCRA's liability provisions. See *Collins v. Experian Credit Reporting Serv.,* 2005 WK 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

130.   As a result of Experian's violation of 15 U.S.C. § 1681c-2(a), the publication of inaccurate and/or materially misleading information on Plaintiff's consumer report published by Defendant Experian continues to cause injury to Plaintiff in the form of increased interest rates, decreased credit limits, loss of credit opportunities, loss of time, energy, and money trying to remedy the false or erroneous publication of accounts by Defendant Experian.

131.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

132.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681c-2 as to Defendant Experian**

133.   Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

134.   This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681c-2(a). Experian negligently violated the FCRA when it failed to block the fraudulent account Plaintiff listed in her disputes within four business days of receiving the documentation regarding the account from Plaintiff.

135.   Consumers may enforce the blocking requirements under the FCRA's liability provisions.

See *Collins v. Experian Credit Reporting Serv.,* 2005 WK 204207 (D. Conn. Aug 24, 2005) (denying motion to dismiss claims under § 1681c-2).

136.    As a result of Experian's violation of 15 U.S.C. § 1681c-2(a), the publication of inaccurate and/or materially misleading information on Plaintiff's consumer report published by Defendant Experian continues to cause injury to Plaintiff in the form of increased interest rates, decreased credit limits, loss of credit opportunities, loss of time, energy, and money trying to remedy the false or erroneous publication of accounts by Defendant Experian.

137.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

138.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**NINTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Experian**

139.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

140.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

141.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

      i.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

      j.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

k.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

l.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

m.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

n.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

o.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

p.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

142.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

143.    The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

144.    Plaintiff is entitled to recover reasonable costs and attorneys's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

145.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian,

or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

### TENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Experian**

146.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

147.    Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

148.    Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to

delete;

h. The failure to take adequate steps to verify information Experian had reason
to believe was inaccurate before including it in the credit report of the
consumer.

149. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

150. The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

151. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

152. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**ELEVENTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Experian**

153. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

154. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

155. Defendant Experian has negligently failed to comply with the FCRA. The failure of Experian to  comply with the FCRA includes but is not necessarily limited to the following:

a. The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

156.   As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

157.   The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

158.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**TWELFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Experian**

159.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

160.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

161.    Defendant Experian has willfully failed to comply with the FCRA. The failure of Experian to  comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h.   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

162.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

163.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

164.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## **<u>DEMAND FOR TRIAL BY JURY</u>**

165.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against Defendants as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** August 5, 2024                                    Respectfully submitted

JAFFER & ASSOCIATES PLLC

/s/ *Stephen Jones*
**Stephen Jones**
State Bar No. 24094760
**Shawn Jaffer**
State Bar No. 24107817
5301 Alpha Rd., Ste. 80-5
Dallas, Texas 75240
Tel:    (469) 589-5605
Fax:    (469) 669-0786
Email:  stephen@jaffer.law
*Attorneys for Plaintiff*